Wilbert MULDREW *v.* STATE of Arkansas

CR 97-561                                                 963 S.W.2d 580

Supreme Court of Arkansas
Opinion delivered February 19, 1998

520

*David Mark Gunter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Wilbert Muldrew appeals his convictions on three counts of delivery of crack

cocaine and his sentence of forty years on each count, with the three sentences to run consecutively. He raises two points on appeal, both of which relate to allegations of impropriety in the prosecutor's closing argument. We hold that neither count has merit, and we affirm.

Muldrew's first issue relates to the following closing argument and the ensuing colloquy:

> PROSECUTOR: I want to read you the reasonable doubt instruction that [defense counsel] says is in our constitution. I don't know if that was correct either. It may be, but I've never read it in there. But, it is a legal concept that I told you you'll always hear in a criminal case because that's what they're going to say. They don't say my client's not guilty. They just say he's not guilty beyond a reasonable doubt.
>
> DEFENSE COUNSEL: Your Honor, I'm going to object. There's an implication here that Mr. Muldrew has to prove his innocence, and that's clearly outside the rules, and I request the Court to enter a mistrial for the prosecution making that statement. That's clearly outside the rules.
>
> THE COURT: Motion for mistrial is denied. Is there any instructions (sic) requested?
>
> DEFENSE COUNSEL: Instruction that the State knows full well that no Defendant in any criminal case has to prove anything.
>
> THE COURT: Ladies and gentlemen, you will recall the instruction the Court gave you along these lines, and it'll be handed to you for your perusal as you consider this case.

We agree with Muldrew that the prosecutor's argument could well have suggested to the jury that the defendant had the burden of proving he was not guilty beyond a reasonable doubt. The issue then becomes whether the trial court's admonition cured any prejudice. Muldrew contends that the trial court's mild rebuke was insufficient in this respect. In support of his argument, he cites this court to *Adams v. State*, 229 Ark. 777, 318 S.W.2d 599 (1958), where this court reversed the appellant's conviction due to a "golden rule" argument made by the prosecutor who invoked the potential danger to the jurors' daughters in the event of the appellant's release. Muldrew further relies on *Hughes v. State*, 154 Ark. 621, 243 S.W. 70 (1922), where this court

reversed the appellant's conviction based on the "testimony" by the prosecutor in closing argument that he was convinced of the appellant's guilt. We held that in neither case could the prejudice be removed by the admonition given by the trial court.

Although Muldrew concedes that the acts of the prosecuting attorney in the instant case do not constitute a "golden rule" argument or impermissible testimony by the prosecutor, he argues that the result in this case should be the same as in *Adams v. State, supra,* and *Hughes v. State, supra,* given the prosecutor's status as a judicial officer and the blatant disregard of his rights on the burden-of-proof issue. He further contends that the admonition given was too mild and too general and did not suffice to cure the prejudice.

This court has recognized on multiple occasions that not every instance of prosecutorial misconduct mandates a mistrial and that any prejudice suffered may be cured by a proper admonition. *See, e.g., White v. State,* 330 Ark. 813, 958 S.W.2d 519 (1997); *Sullinger v. State,* 310 Ark. 690, 840 S.W.2d 797 (1992); *Porter v. State,* 308 Ark. 137, 823 S.W.2d 846 (1992). We have explained:

> [A] mistrial is such an extreme remedy that it should not be used unless there has been error "so prejudicial that justice cannot be served by continuing the trial or when the fundamental fairness of the trial itself has been manifestly affected." *Puckett v. State,* 324 Ark. 81, 89, 918 S.W.2d 707, 711 (1996). A mistrial should only be declared when an admonition to the jury would be ineffective. *Id.* Moreover, the trial court is given broad discretion to control counsel in closing arguments, and this court will not disturb the trial court's decision absent a manifest abuse of discretion. *Lee v. State,* 326 Ark. 529, 932 S.W.2d 756 (1996). We said in *Lee*: "[R]emarks that require a reversal are rare and require an appeal to the jurors' passions." 326 Ark. at 532, 932 S.W.2d at 758.

*Calloway v. State,* 330 Ark. 143, 149-50, 953 S.W.2d 571, 574 (1997). *See also Mills v. State,* 322 Ark. 647, 910 S.W.2d 682 (1995).

■ We do not view the remark by the prosecutor in the case before us as the type that appeals to a juror's passions, which was the case in both *Adams v. State, supra,* and *Hughes v. State, supra.* Moreover, here, the trial court admonished the jury by referring to the following standard instruction:

> The State has the burden of proving the case beyond a reasonable doubt, and that is the State must prove beyond a reasonable doubt each element of the offense. On the other hand, the Defendant is not required to prove his innocence.

AMCI 2d 107. The trial court also instructed the jury with AMCI 2d 109, which provides that the presumption of innocence remains until the jury is convinced of the defendant's guilt beyond a reasonable doubt.

There was no abuse of discretion by the trial court with respect to this first point.

For his second point, Muldrew argues that the prosecutor appealed to the jury's passions by improperly including in his closing argument the theme of "send a message" to the community. The following closing argument and colloquy are pertinent:

> PROSECUTOR: He was going to let drugs float around to wherever it could go as Betty McClure said, until it busts a heart out. I ask you to consider that. Let's send a message to people in this community that we don't really want these kind of folks around here.

> DEFENSE COUNSEL: Your Honor, I object. That's improper closing, send a message, that's ground for mistrial to make that statement, I object.

> THE COURT: It's closing, it's reasonably related to the evidence and to aid the jury. Ladies and gentlemen, you're in a position to determine what the evidence is and from the evidence, make your decision. Any further instruction?

> DEFENSE COUNSEL: Your Honor, I just think the Supreme Court has said that you can't do that, and that's, that's illegal, that's improper to, to indicate that, that this jury should send a message to the community about anything, and that that is certainly grounds for a mistrial, and I make a motion at this time.

> THE COURT: Overruled. Any further instructions requested?

Without citation to any authority, Muldrew claims that the remarks by the prosecutor were improper because they went beyond the evidence and were a manifest appeal to the jury's emotions. Muldrew also contends that the trial court exacerbated the prejudice by telling the jury in the admonition that the prosecutor's argument was supported by the evidence.

■ This argument is without merit. First, a mistrial is awarded only when an admonition to the jury is ineffective. *Calloway v. State, supra; Gray v. State*, 327 Ark. 113, 937 S.W.2d 639 (1997); *Puckett v. State, supra*. In this case, Muldrew asked for no relief except for declaration of a mistrial, and it is likely that an admonition would have cured the prejudice. *See Puckett v. State, supra*. Secondly, the prosecutor's reference to "busting a heart out" was taken from proof submitted to the jury. Betty McClure, the informant who purchased crack cocaine from Muldrew on three separate occasions, testified that she cooperated with law enforcement in order to rid her community of its drug problem. She testified that in 1992, her twenty-four-year-old son died from a "busted heart" as a result of his addiction to crack cocaine.

■ Finally, Muldrew's argument that criminal juries should not be concerned with "sending a message" is not supported by our caselaw. In *Love v. State*, 324 Ark. 526, 922 S.W.2d 701 (1996), the trial court determined that the appellant should serve consecutive sentences on two convictions for aggravated robbery after concluding: "The only thing that I know that it might do is send some sort of message to somebody else out there that might be so inclined to engage in a course of conduct of a criminal nature." *Love v. State*, 324 Ark. at 531-32, 922 S.W.2d at 704. On appeal, this court affirmed the trial court and stated:

> Granted, the trial court commented that he hoped to send a message to people who might be inclined to engage in criminal activity. However, Love cites no authority for his argument that such a consideration is improper. *Stevens v. State*, [319 Ark. 640, 893 S.W.2d 773 (1995)]. Further, Ark. Code Ann. § 16-90-801(a)(5) (Supp. 1995) provides that a primary purpose of sentencing a person convicted of a crime is to "deter criminal behavior and foster respect for the law."

*Love v. State*, 324 Ark. at 532, 922 S.W.2d at 704.

Affirmed.