Ronald A. WEATHERFORD *v.* STATE of Arkansas

CR 04-697                                   215 S.W.3d 642

Supreme Court of Arkansas
Opinion delivered October 13, 2005

*Hampton & Larkowski*, by: *Mark F. Hampton* and *J. Thomas Sullivan*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

P ER CURIAM. Ronald Weatherford was convicted of manufacture of methamphetamine, possession of drug paraphernalia with intent to manufacture methamphetamine, and possession of drug paraphernalia. He was sentenced to 120 months' imprisonment in the Arkansas Department of Correction. Weatherford appealed the conviction and the subsequent denial by the trial court of his motion for a new trial. The court of appeals affirmed in an unpublished opinion. *Weatherford v. State*, CACR 02-415 (Ark. App. Oct. 29, 2003). Weatherford filed a timely petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1, which was denied by the trial court without a hearing by written order entered May 18, 2004. Weatherford now brings this appeal of that order.

Appellant Weatherford raises seven points of error on appeal, which are the same as the points raised in his petition.

Appellant asserts the trial court erred in holding (1) trial counsel was not ineffective for failure to properly argue the proof necessary in a circumstantial evidence case; (2) counsel was not ineffective for failing to request an instruction on the burden to prove an affirmative link in a joint possession case; (3) trial counsel was not ineffective for failure to move for disclosure of the State's confidential informant; (4) counsel was not ineffective for failure to pose questions to a witness concerning the alleged informant's history of drug use and providing information to the police; (5) counsel was not ineffective for failure to call appellant's ex-wife as a witness; (6) cumulative error is not cognizable in postconviction relief proceedings under Ark. R. Crim. P. 37.1; and (7) that appellant was not denied due process by the State's failure to disclose the identity of the confidential informant. We find no error and affirm on each point.

A search warrant executed on appellant's home on April 29, 2001, resulted in the police officers discovering a number of items that were consistent with the presence of a methamphetamine laboratory. The warrant was issued on April 26th, based upon information the police received from a confidential informant on April 25th. Appellant presented a defense at trial by arguing his nephew, Danny Carroll Ray, Jr., placed the items in his trailer that morning and provided the information on the lab to the police. Appellant testified at trial that he did not own or possess some of the items, and that he believed someone, quite possibly his nephew in response to arguments with appellant, had set him up. The defense presented witnesses who indicated there was no smell or other evidence as would be associated with a methamphetamine lab outside the trailer the night before, or inside it that morning. Appellant's sister testified that he had told her the morning of the arrest that he had put his nephew, who had been living with appellant for about three weeks, out the day before. At the hearing on the motion for a new trial Ray testified that he was familiar with methamphetamine labs, but that he had not set anyone up, and had not told his son that he had placed the lab materials in appellant's home. His son, and the son's wife, each testified that Ray had told them that he had set appellant up, placed the materials in the trailer, and informed the police that appellant was manufacturing methamphetamine.

Appellant first asserts trial counsel was ineffective because he failed to argue that the state had a higher burden of proof because the evidence against appellant was circumstantial. In his reply

brief, appellant clarified his position that the burden of proof is not higher, but that there is an element he asserts counsel failed to argue. The court read AMI Crim. 106 to the jury, which provides in part, "circumstantial evidence must be consistent with the defendant's guilt, and inconsistent with any other reasonable conclusion." Appellant contends that trial counsel failed to argue that the evidence presented was not inconsistent with any other reasonable conclusion.

The criteria for assessing the effectiveness of counsel are set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The claimant must show first that counsel's performance was deficient, with errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and claimant must also show that this deficient performance prejudiced his defense through a showing that petitioner was deprived of a fair trial. *Noel v. State,* 342 Ark. 35, 26 S.W.3d 123 (2000). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 38, 26 S.W.3d at 125. To rebut this presumption, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, *i.e.*, that the decision reached would have been different absent the errors. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004).

Judicial review of counsel's performance must be highly deferential, and a fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time. *Andrews v. State*, 344 Ark. 606, 42 S.W.3d 484 (2001)(*per curiam*). The totality of the evidence before the factfinder must be considered in determining a claim of ineffective assistance of counsel. *Greene*, 356 Ark. at 64, 146 S.W.3d at 876. We do not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002).

■ There is no question that trial counsel argued that there was an alternate hypothesis as to how the evidence of the methamphetamine lab came to be in appellant's trailer. Counsel argued that the jury would have to resort to speculation in order to find appellant committed the crimes. Appellant contends that counsel's closing argument did not properly stress the requirement, read to the jury, that they must find the evidence inconsistent with any other reasonable conclusion. The trial court found that counsel's argument, in conjunction with the jury instruction, was adequate for the jury to make a proper determination, that counsel was not ineffective in failing to emphasize the exact language in the jury instruction, and that the jury simply rejected counsel's argument that the alternative hypothesis presented was a reasonable conclusion consistent with the evidence. We agree. Counsel's argument complimented, without confusing, the instructions read to the jury. We would not require that counsel be forced to repeat in closing argument instruction already given to the jury.

■ The question of whether the circumstantial evidence excludes every other reasonable hypothesis consistent with innocence is for the jury to decide. *Harper v. State*, 359 Ark. 142, 194 S.W.3d 730 (2004) (citing *Ross v. State*, 346 Ark. 225, 57 S.W.3d 152 (2001)). Appellant asserts that counsel's failure to properly emphasize the requirement to find the evidence inconsistent with any other reasonable conclusion must be error resulting in prejudice because the jury could not have understood the requirement. He contends that had the jury understood this requirement, they could not have found appellant guilty of the charges. As such, his argument is merely a challenge to the sufficiency of the evidence. A petitioner cannot question the weight and sufficiency of the evidence through a Ark. R. Crim. P. 37.1 proceeding by framing his question as an allegation of ineffective assistance of counsel. *Stephens v. State*, 293 Ark. 231, 737 S.W.2d 147 (1987). We do not permit an appellant to rechallenge the sufficiency of the evidence at trial in a postconviction proceeding. *Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995).

■ Appellant next argues that the trial court incorrectly held in its ruling on the Ark. R. Crim. P. 37.1 petition that counsel could not have been ineffective for not requesting an instruction

concerning joint occupancy. In the order denying postconviction relief, the trial court found that there was no joint occupancy at the time of the offense. Had counsel requested the instruction, the request would have been rejected, and therefore appellant had not shown that making the request would have changed the outcome of the trial. Appellant argues the trial court erred in finding the offense occurred at the time of the search. He cites to the chemist's testimony that he could not "place a time on this lab," and asserts that the offense was not committed on the day of the search, but at some indeterminate time prior to the search. This ignores, however, the chemist's testimony that the process of manufacturing methamphetamine was <u>ongoing</u> when appellant's trailer was searched. Taken in context, the chemist's statements clearly mean that he did not know when the process began, but that methamphetamine had been created, and was being converted to a usable form at the time of the search. While the appellant had previously shared the trailer with Ray, he had sole control and possession the day of the search. The trial court's finding that the request would not have been meritorious was not clearly erroneous, and we affirm on this point.

Appellant's third point asserts that trial counsel was ineffective for not moving for disclosure of the confidential informant's identity. The trial court held appellant failed to show disclosure of the identity of the informant would have altered the outcome of the trial. We cannot say the findings on this point were clearly erroneous.

Appellant argues that his evidence would have been strengthened by disclosure that Ray was the informant, both by confirmation of his providing the information to the police, and by confirmation of his knowledge of and familiarity with drug manufacturing. As both the trial court and the court of appeals noted, appellant's defense had been based upon the assertion that Ray had placed the materials in the trailer and provided the information to the police. Appellant does not assert he would have benefitted if the informant had not been Ray, although he asserts the State admitted that Ray was the informant through an ambiguous statement in closing argument.

While it may be that the evidence would have been stronger if Ray was confirmed at the outset to be the informant and appellant's testimony at trial was corroborated to that extent, the evidence presented at the hearing on the motion for new trial

indicates that Ray would have disputed the claim that he put the lab materials in the trailer. The evidence in that hearing also indicated Ray would have claimed he believed appellant used and produced drugs while Ray lived with him. As the State points out in its brief, the informant contacted the police with the information on the methamphetamine manufacturing before appellant evicted his nephew from his home. Appellant argues that the problems between the two began prior to the day appellant put Ray out, but the jury may certainly have concluded from the timing of the call that appellant had been involved with the manufacture of methamphetamine prior to the time he forced Ray out of the trailer, regardless of whether Ray or someone else informed the police of the lab. From the evidence, it appears the lab materials were already in the trailer when the call was placed. We cannot say the trial court's finding that the additional evidence would not have been sufficient so as to undermine confidence in the outcome of the trial was clearly erroneous.

Appellant's next point asserts trial counsel was ineffective for failing to ask appellant's sister about Ray's prior criminal history of drug use and history as a police informant. The trial court in its order and the State in its brief make a point that appellant did not provide specific details as to the testimony appellant's sister would provide. In response, appellant argues that his request to file an expanded brief was denied, and he could not provide more detail, or the affidavit the State asserts should have been attached. We note that appellant's motion did not reference a need to provide greater detail on witness testimony or attach any affidavits or exhibits, but merely a general desire to better develop his claims. It is true that we will not grant postconviction relief for ineffective assistance of counsel where the petitioner fails to show what the omitted testimony or other evidence was and how it would have changed the outcome. *Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352 (2003); *Camargo v. State*, 346 Ark.118, 55 S.W.3d 255 (2001). This court has held that it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Greene v. State*, 356 Ark. at 74, 146 S.W.3d at 882.

Even had appellant shown his sister's testimony would have been admissible and fully advanced the argument asserted in his brief, that Ray had knowledge and experience both in manufacturing methamphetamine and as a police informant, appellant's argument did not show prejudice so as to undermine confidence in

the outcome of the trial. For the reasons noted in the previous point, and taking into consideration the totality of the evidence, appellant has not shown that the additional testimony would rebut the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

Appellant's fifth point on appeal also deals with a claim that counsel was ineffective for failure to present testimony, that is, testimony from his ex-wife that she had never observed the defendant use or manufacture drugs and that he had not been violent towards her since he was released from incarceration for domestic battery. Once again, considering the totality of the evidence, the proposed testimony, even were it to fully support the asserted claims, is not such as would undermine confidence in the outcome of the trial, and the petition does not provide a meritorious claim for postconviction relief, regardless of the trial court's basis for denial of relief on this point.

■ The order denying postconviction relief indicates the trial court based its holding on its finding that the decision to call the witness was a matter of trial tactics and strategy, and not a proper basis for relief pursuant to Ark. R. Crim. P. 37.1. Appellant asserts our cases are inconsistent on this issue and points to *Dansby v. State*, 350 Ark. 60, 84 S.W.3d 857 (2002) and *Lee v. State*, 343 Ark. 702, 38 S.W.3d 334 (2001) as examples of a flat prohibition against review of a claim of ineffective assistance of counsel based upon the tactical or strategic decision concerning whether or not to call a witness. Yet, as appellant points out, *Lee* does review the basis for counsel's decision. *Lee* applied, without directly citing, the principle set forth in *State v. Dillard*, 338 Ark. 571, 998 S.W.2d 750 (1999), that counsel's strategic decisions must still be supported by reasonable professional judgment pursuant to the standards set forth in *Strickland*. *Dansby*, as here, affirmed the denial of postconviction relief for a failure to demonstrate prejudice, not simply because the trial court concluded that counsel's decision was based upon trial strategy. While every case may not recite the complete standard set forth in *State v. Dillard*, that standard has been consistently applied. *See, State v. Goff*, 349 Ark. 532, 79 S.W.3d 320 (2002).

■ In appellant's sixth point on appeal, he invites us to reconsider our decision not to recognize the doctrine of cumulative error for claims of ineffective assistance of counsel. This court has consistently refused to recognize the doctrine of cumulative

error in allegations of ineffective assistance of counsel. *Echols v. State*, 354 Ark. 530, 127 S.W.3d 486 (2003). We do not find our position inconsistent with *Strickland*, as appellant asserts, and we are not persuaded to change our holding on that point. The mere reference to "errors" in plural does not appear, in our reading of the case, to indicate the Court in *Strickland* contemplated cumulative review.

Appellant's last point alleges prosecutorial misconduct. While the trial court seems to acknowledge in its order that the prosecution admitted during closing arguments that Ray was the informant, it is not completely clear to us from the transcript that was what was intended by the statements. In any case, if Ray was, in fact, the informant, as was discussed concerning appellant's third point, we do not find that appellant has shown having that information would have changed the outcome of the trial. Appellant contends this was his missing evidentiary link in his defense theory, but we fail to see that is so. If Ray had been acknowledged by the State as the informant, the evidence presented would still have been that Ray, rather than some unknown informant the defense asserted was Ray, had told the police he actually witnessed the appellant manufacturing methamphetamine three days before Ray left appellant's home. Appellant has not presented a compelling argument as to how he might have altered the outcome of the trial with this information. Whether there was prosecutorial misconduct or not, appellant has not shown prejudice, and we affirm on this point, as well.

Affirmed.