Corey JOHNSON *v.* STATE of Arkansas

CR 05-932                                234 S.W.3d 858

Supreme Court of Arkansas
Opinion delivered May 4, 2006

*Corey Johnson, pro se,* for appellant.

*Mike Beebe,* Att'y Gen., by: *David R. Raupp,* Senior Ass't Att'y Gen., for appellee.

Per Curiam. A judgment and commitment order entered on November 6, 2003, reflects that appellant Corey Johnson was convicted by a jury of two counts of aggravated robbery in a liquor store and sentenced to 240 months' imprisonment on each count, with the sentence on each count to run consecutively, for a total of 480 months' imprisonment. Acting *pro se,* appellant filed a pleading styled "defendant's petition for post-conviction relief, declaratory judgment, motion for new trial and bond pending disposition of relief" on November 14, 2003, that included allegations of ineffective assistance of counsel. No order is reflected in the record as entered, but a notation on the docket shows that the motion for new trial was denied on December 8, 2003. On that same date, appellant's trial attorney filed a notice of appeal. The Arkansas Court of Appeals affirmed. *Johnson v. State,* CACR 04-258 (Ark. App. Feb. 2, 2005).

On March 21, 2005, appellant timely filed a petition for postconviction relief under Ark. R. Crim. P. 37.1, which was denied by the trial court by order entered May 17, 2005. Appellant

lodged an appeal of that order in this court. After filing his brief, appellant filed the motion before us to file a substituted brief. The State has now filed its brief as well, in which it notes that appellant has failed to include an abstract in his brief as required by Ark. Sup. Ct. R. 4-2. The State argues, however, that we may affirm and should not order rebriefing.

While we would not, in any case, permit appellant to revise his argument, we normally would permit appellant to revise his brief to include a proper abstract. Appellant's Rule 37.1 petition contains allegations of ineffective assistance of counsel. In determining a claim of ineffective assistance of counsel, the totality of the evidence before the fact-finder must be considered. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). In order for this court to consider the totality of the evidence, as required by our standard, all the evidence presented both at trial and at any postconviction-relief proceeding must be included in appellant's abstract of the proceedings. However, we must agree that ordering rebriefing would be pointless, as it is clear from the record that appellant cannot prevail. This court has consistently held that an appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Booth v. State*, 353 Ark. 119, 110 S.W.3d 759 (2003) (*per curiam*); *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999) (*per curiam*); *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996) (*per curiam*); *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994) (*per curiam*); *Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994) (*per curiam*).

In its order denying appellant's petition under Rule 37.1, the trial court found that appellant had previously filed a petition for relief under Rule 37.1 on November 14, 2003, which was denied on December 8, 2003. The trial court determined that appellant's petition should be denied because the trial court had already ruled on one petition for relief under Rule 37.1.

We do not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Greene*, 356 Ark. at 64, 146 S.W.3d at 876. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002).

Here, the trial court's finding that appellant had previously filed a petition under Rule 37.1, which was denied, was

clearly erroneous. The pleading appellant filed on November 14, 2003, was treated by the trial court as a motion for new trial, not a petition under Rule 37.1. Under Ark. R. Crim. P. 37.3, the trial court must provide a written order and, if a hearing is granted, the proceedings on a Rule 37.1 petition are reported. The trial court did not provide a written order, and the hearing does not appear to have been reported. In addition, the pleading did not reference Rule 37.1, but did cite Ark. R. Crim. P. 33.2, which would further support the court's treatment of the pleading as a motion for new trial under Ark. R. Crim. P. 33.3.

In its brief, the State asserts that appellant's claims were still barred by the trial court's ruling on the motion for new trial, in that those claims were brought in the motion for new trial, or, alternatively, because appellant failed to obtain a ruling on the claims. The court did provide a ruling on the claims when it ruled that the claims in the petition were barred by what it found was a previous petition. We would agree that the claims may have been barred if raised in the motion for new trial. Claims not raised in a motion for new trial are proper in a proceeding pursuant to a petition under Ark. R. Crim. P. 37.1, but ineffective assistance claims raised in a motion for new trial are settled and may not be raised again in a petition under Ark. R. Crim. P. 37.1. *See Huddleston v. State*, 347 Ark. 226, 61 S.W.3d 163 (2001). The State asserts that the claims in appellant's petition were only more specific arguments than those in the motion for new trial.

We cannot agree that the claims are the same. Appellant's argument in the motion for new trial was that his attorney should have challenged the sufficiency of the evidence. Appellant alleged in his Rule 37.1 petition that trial counsel was ineffective based upon four different errors: (1) that trial counsel failed to show certain inconsistencies between the testimony of the store clerk and certain prior statements by the clerk; (2) that counsel failed to call police officer Timothy Stankevitz for the suppression and omnibus hearings; (3) that counsel failed to challenge certain inconsistencies in the police officers' statements at the suppression hearing; (4) that counsel failed to move for a mistrial following the discovery that the evidence marked as received from the liquor store and tested for comparison with appellant's DNA included a second partial tooth. These arguments are not simply more specific arguments regarding sufficiency of the evidence and therefore are not barred as the same issues raised in the motion for new trial.

However, appellant's arguments are such that we may dismiss them through reference to the record. While we will not go to the record in search of prejudicial error, we may do so to affirm. *See Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000); *Douthitt v. State*, 326 Ark. 794, 935 S.W.2d 241 (1996). As public record already filed with the appellate court in the earlier appeal, appellant's trial record need not be incorporated to form a part of the record before us. *Drymon v. State*, 327 Ark. 375, 938 S.W.2d 825 (1997) (*per curiam*).

The State correctly notes that the evidence against appellant was strong. The liquor store proprietor, Marvin Taylor, and his then girlfriend, Brenda Gartin, both testified as to the robbery, and Ms. Gartin identified appellant as the robber. Three police officers testified that during the shift change at the police department, they heard shots, and then saw appellant, with a gun, coming from the general direction of the liquor store. The officers ordered appellant to drop his weapon and get down. After he was down, an officer asked appellant what happened, and appellant admitted that he had robbed the store and had been shot by the clerk. A tooth found at the liquor store was later identified as appellant's. Appellant presented a defense, with witnesses who testified that a man fitting the robber's description was seen running from the store and away from the police department, admitting that appellant was in the store and had been shot there by the clerk, but contending that he had not committed the robbery.

██ We cannot agree, as the State argues, that appellant's claims are matters of trial strategy, and, as such, should be summarily dismissed as matters of trial strategy that do not demonstrate ineffective assistance of counsel. It is true that where the trial court has determined a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then a decision not to call a witness or challenge a statement may not be a proper basis for relief under Rule 37.1. *Weatherford v. State*, 363 Ark. 579, 215 S.W.3d 642 (2005) (*per curiam*). However, the initial finding as to whether or not counsel's actions were trial strategy is generally a fact-intensive determination better suited to the trial court than this court on appeal. There may be some instances when the record of the trial would show that a decision was or was not a trial tactic, but more often, evidence to establish that a decision was trial strategy must come from testimony of the attorney making the decision. We do not have either a finding by the trial court that the decisions were

tactical, or a situation where the record clearly reflects the decisions were tactical. However, the record does show that appellant could not prevail on any of the four arguments raised in his Rule 37.1 petition.

A decision on a petition for postconviction relief on a claim of ineffective assistance of counsel turns on the question of whether, based on the totality of the evidence, trial counsel's performance was or was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352 (2003). *Strickland* provides for a two-part test, and under the criteria for assessing the effectiveness of counsel, when a convicted defendant complains of ineffective assistance of counsel, he must show first that counsel's performance was deficient through a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Secondly, the petitioner must show that the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Andrews v. State*, 344 Ark. 606, 42 S.W.3d 484 (2001) (*per curiam*).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000). To rebut this presumption, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, *i.e.*, that the decision reached would have been different absent the errors. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial. *Greene*, 356 Ark. at 64, 146 S.W.3d at 876. We cannot say that appellant has made any showing that but for the errors he alleges, the outcome of his trial would have been different.

■ Appellant's first point alleges counsel was ineffective for failing to raise inconsistencies in Marvin Taylor's description of the robber. Marvin Taylor testified, however, that he could not identify the robber, and did not identify appellant. Appellant has not shown, as to this alleged error, that had counsel raised those inconsistencies, there was a reasonable probability that the outcome of his trial would have been different.

■ In appellant's second point, he alleges counsel should have called a fourth police officer who was at the scene when

appellant admitted he robbed the store. Appellant does not indicate what testimony this officer would have provided in order to show how he was prejudiced by the asserted error. The objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call certain witnesses is to determine whether this failure resulted in actual prejudice that denied the petitioner a fair trial. *Hill v. State*, 292 Ark. 144, 728 S.W.2d 510 (1987). It is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Greene*, 356 Ark. at 74, 146 S.W.3d at 882. While appellant has named the witness, he does not provide a summary of his testimony, or any other factual basis indicating this officer would provide any different testimony from the three officers who did testify.

Appellant's third allegation of error was that counsel failed to raise certain inconsistencies in the three officers' testimony. The first inconsistency appellant alleges occurred concerning when Officer Carrie Mauldin first knew that there had been a robbery. As the court of appeals noted in its opinion on direct appeal, however, Officer Mauldin was cross-examined on this issue, and made it clear that she did not receive the radio reports until after appellant made his incriminating remarks.

The other inconsistencies are relatively minor differences in the descriptions of the appellant's remarks, concerning whether the store was described as "the store" or "the liquor store." The officers indicated that they could not quote appellant's remarks precisely. Counsel had cross-examined the officers on much more material inconsistencies, without success. Appellant has not shown that, had counsel raised these inconsistencies, there would have been a reasonable probabilitythat the statement would have been excluded, or the outcome of the trial been any different.

Appellant's last point of error contends counsel was ineffective for failure to object to the surprise evidence of the additional partial tooth and to move for a mistrial. Counsel did initially object to the evidence, and moved for a mistrial. In any case, appellant's defense at trial was that he was present in the store during the shooting, and was shot, but did not rob the store. Because appellant admitted that he was shot in the mouth while in the store, he has failed to show how he could have been prejudiced by the evidence of the tooth found in the store.

■    Appellant's petition did not state sufficient facts upon which the trial court could have granted relief under Rule 37.1, and it is clear that appellant could not prevail. We must, therefore dismiss the appeal, and appellant's motion is moot.

Appeal dismissed; motion moot.