Ray DANSBY *v.* STATE of Arkansas

CR 00-1218                              84 S.W.3d 857

Supreme Court of Arkansas
Opinion delivered September 19, 2002

*David W. Talley, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

Tom Glaze, Justice. Ray Dansby was convicted of capital murder for the 1992 shooting of his ex-wife, Brenda Dansby, and Ronnie Kimble. A jury sentenced him to death by lethal injection on both counts. This court affirmed his conviction and sentence in *Dansby v. State*, 319 Ark. 506, 893 S.W.2d 331 (1995). Dansby filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37 on May 26, 1995, and an amended petition on June 22, 1995. The circuit court held a hearing on Dansby's petition on December 3, 1999, and issued an order on July 30, 2000, rejecting each of Dansby's twenty-seven claims of ineffective assistance of counsel and denying his claim for relief. From that order, Dansby brings this instant appeal.[1]

The general standard of review for reviewing claims of ineffective assistance of counsel, as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), has been stated many times. A defendant must show first, that counsel's performance "fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and second, that the errors "actually had an adverse effect on the defense." *Id.* at 693; *see also Lee v. State*, 343 Ark. 702, 38 S.W.3d 334 (2001). The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000). To rebut this presumption, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, *i.e.*, that the decision reached would have been different absent the errors. *Id.* A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial. *Id.* In making a determination on a claim of ineffectiveness, the totality of the evidence before the factfinder must be considered. *Id.*; *Chenowith v. State*, 341 Ark. 722, 19 S.W.3d 612 (2000).

---

[1] This case was initially remanded for rebriefing due to abstracting deficiencies. *See Dansby v. State*, 347 Ark. 509, 65 S.W.3d 448 (2002) (*per curiam*). We now have Dansby's abstract of the original trial proceedings, and we are now able to proceed to the merits of the appeal.

■ On appeal from a trial court's ruling on Rule 37 relief, we will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Davis v. State*, 345 Ark. 161, 44 S.W.3d 726 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

For his first point on appeal, Dansby argues that his trial counsel, Jan Thornton, was ineffective in her pre-trial preparation in two respects: (1) he alleges that, pending trial, Thornton only visited him four or five times while he was in jail; and (2) Thornton failed to visit the crime scene with Dansby prior to trial.[2] In his first argument, Dansby asserts that, at the Rule 37 hearing, Thornton testified that while she only met with Dansby four or five times, and she could not remember a specific conversation with him, she did know that they talked about his case and that he provided her with the names of witnesses. Dansby testified that they only had two or three conferences while he was in jail, and that the other two meetings occurred when she was coming to see another inmate, and he would see if she had time to meet with him. The trial court rejected this assertion of ineffective assistance, ruling that Dansby's statement was conclusory, and that there were no facts to show that more visits would have somehow benefitted Dansby at trial.

■ In his brief on appeal, Dansby asserts, without citation to authority, that there must be adequate investigation and preparation of the case for an attorney's performance to be considered reasonable, and he states simply that Thornton only visited him in

---

2 In Dansby's Rule 37 petition, he raised some eleven issues regarding Thornton's alleged ineffectiveness during her pretrial preparation. However, in his first point on appeal, wherein he argues Thornton's pretrial performance was ineffective, his brief addresses and argues only the two above-described points. In response, the State's brief addresses the majority of Dansby's original issues raised in his petition. However, all claims raised below but not argued on appeal are considered abandoned. *See Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001); *Hale v. State*, 343 Ark. 62, 31 S.W.3d 850 (2000). Therefore, we confine ourselves to a discussion of those two subpoints in Dansby's first point on appeal.

jail a few times during the ten months he was incarcerated prior to trial. There is no allegation of prejudice; as the trial court noted, there is no argument that more visits would have produced a better result at trial. Thus, this conclusory statement, wholly lacking in allegations of prejudice, falls far short of meeting the *Strickland* standard, and is insufficient to warrant Rule 37 relief.

In his second argument, Dansby has similarly failed to prove that he was prejudiced by Thornton's failure to view the crime scene with him. Thornton testified at the Rule 37 hearing that, although she had gotten a court order to view the scene with Dansby, she did not show up on the appointed date. However, she testified that she did view the house alone and also looked at photos of the home. Further, she asserted that, by using the photos, she could relate to what Dansby had told her about the crime.

In *Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995), this court was presented with a similar argument. There, Johnson argued that his trial counsel had been ineffective for failing to view the crime scene, but his attorney testified that he did go to view the scene, and in fact gave a detailed description of the scene. This court held that not only did Johnson fail to show that the trial court's ruling was against the preponderance of the evidence, but that he also did "not show how it would have made a difference even if his attorney had not visited the scene, and he must do so in order to prevail." *Johnson*, 321 Ark. at 127-28 (citing *Strickland*, 466 U.S. at 687). Dansby has likewise failed to offer any argument as to how his case would have come out any differently if Thornton had gone to view the crime scene with him.

Dansby's second point on appeal is that Thornton was ineffective in conducting voir dire. Here, Dansby points to the testimony of attorney Didi Sallings, who sat at counsel table during Dansby's trial and advised Thornton on how to handle certain aspects of the trial.[3] At the Rule 37 hearing, Sallings testified that she wrote notes to Thornton during voir dire, suggesting ques-

---

[3] Dansby's trial was Thornton's first capital murder case.

tions to ask the jury panel, but that Thornton refused to act on her advice.

Dansby's argument is rejected because he used only eleven of his peremptory challenges at trial. Since he was not forced to exhaust all twelve of his peremptory challenges to try to secure a fair and impartial jury, Dansby has not demonstrated sufficient prejudice. *See Hill v. State*, 331 Ark. 312, 962 S.W.2d 762 (1998). Without a showing of prejudice, a Rule 37 petitioner cannot overcome the *Strickland* requirements. *See Huddleston v. State*, 339 Ark. 266, 5 S.W.3d 456 (1999). Thus, Dansby's second point must be rejected.

Third, Dansby contends that counsel was ineffective for failing to secure the presence of a witness named Calvin Paschal. Thornton testified at the Rule 37 hearing that she considered Paschal to be an important witness, but she did not issue a subpoena for him. Thornton asserted that Paschal would have testified that Dansby carried a gun because Dansby worked in a bar where he had "had some trouble"; that Ronnie Kimble, one of the victims, had once pulled a gun on Dansby; and that Dansby and Brenda had an "on-again, off-again" relationship.

In rejecting this argument, the trial court found that Dansby introduced this same testimony through other witnesses. We agree. At least three witnesses — Marie Dansby, Marilyn Larry, and Ruthie Kemp — testified that Dansby and Brenda had an "on-again, off-again" relationship, and that they did not seem to have any problems. Vivian Dansby, Dansby's sister, testified that he carried a gun with him for protection while he was running his bar. Larry McDuffie, a fellow inmate, testified that Dansby said that Kimble had once pulled a gun on him. Thus, although Thornton did not subpoena Paschal to testify at trial, Dansby suffered no prejudice. The omission of a witness when his or her testimony is cumulative does not deprive the defense of vital evidence. *Coulter v. State*, 343 Ark. 22, 31 S.W.3d 826 (2000); *Helton v. State*, 325 Ark. 140, 924 S.W.2d 239 (1996). Dansby's failure to demonstrate prejudice precludes relief under Rule 37.

Dansby's fourth point on appeal is that Thornton was ineffective because she failed to move to suppress Dansby's statement to law enforcement officials. After the arresting officers read Dansby his *Miranda* rights, they took him to the crime scene to locate the murder weapon. Because Thornton did not file a motion to suppress, Dansby alleges he was precluded from making an argument on appeal on this issue. The Rule 37 court rejected this argument, finding that Dansby was not prejudiced by Thornton's failure to move to suppress this evidence, because Dansby confessed his involvement in the murder to the police.

On appeal, Dansby argues simply that, had a motion to suppress been granted, the effect would have been "substantial." However, Dansby has failed to assert what could have formed a basis for the trial court to have granted a motion to suppress. There was no evidence in the record at trial or developed at the Rule 37 hearing that a motion to suppress his statement was warranted, or that such a motion would have succeeded. His unsupported, conclusory allegation cannot form the basis for Rule 37 relief, *see Camargo v. State,* 346 Ark. 118, 55 S.W.3d 255 (2001), and we therefore repudiate this point as well.

Finally, Dansby argues that Thornton was ineffective for failing to properly prepare the mitigation phase of his trial. He asserts that Thornton did not know the identities of the witnesses or the substance of their testimonies. Dansby contends that the best indication of Thornton's ineffectiveness was that the jury found no mitigating evidence to exist.

Thornton testified that she talked with some of the witnesses, but not all of them, prior to trial. During the sentencing phase, she called twelve witnesses to testify on Dansby's behalf, including a Department of Corrections officer, a psychologist, Dansby's mother and sister, a family friend, a parole officer, and Dansby's employer; each of these witnesses testified as to mitigating circumstances. Thornton testified that she made a determination as to which witnesses to call during sentencing by talking with Dansby and his family.

■ The decision to call a particular witness is one of strategy and is beyond the purview of Rule 37. *State v. Dillard*, 338 Ark. 571, 998 S.W.2d 750 (1999); *Catlett v. State*, 331 Ark. 270, 962 S.W.2d 313 (1998). Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to his client. *Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791 (2001); *Johnson v. State*, 325 Ark. 44, 924 S.W.2d 233 (1996). Moreover, fatal to Dansby's claim is his failure to demonstrate what other witnesses Thornton should have called and what their testimonies would have been. *See Higgins v. State*, 270 Ark. 19, 603 S.W.2d 401 (1980) (where petitioner failed to furnish the names of the witnesses requested and the substance of their testimonies, he did not present facts to support his allegations, nor did he demonstrate any prejudice to him by these alleged omissions).

■ ■ Finally, although Dansby claims the prejudice was obvious because the jury found no mitigating factors, this court has previously held that "[a] jury is not required to find a mitigating circumstance just because the defendant puts before the jury some evidence that could serve as the basis for finding the mitigating circumstance." *Hill v. State*, 331 Ark. 312, 962 S.W.2d 762 (1998) (quoting from *Bowen v. State*, 322 Ark. 483, 911 S.W.2d 555 (1995)). This court held further that the jury alone determines what weight to give the evidence, and may reject it or accept all or any part of it the jurors believe to be true. *Id.* (citing *Davasher v. State*, 308 Ark. 154, 823 S.W.2d 863, *cert. denied*, 504 U.S. 976 (1992). Thus, the mere fact that the jury did not find any mitigating circumstances to exist is insufficient proof of Thornton's ineffective assistance of counsel during the penalty phase.

Affirmed.