Jimmy Don WOOTEN *v.* STATE of Arkansas

CR 01-986                                     91 S.W.3d 63

Supreme Court of Arkansas
Opinion delivered December 5, 2002

*Alvin Schay*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. Jimmy Don Wooten appeals the denial of his petition under Ark. R. Crim. P. 37 for relief due to ineffective assistance of counsel. Wooten was convicted of capital murder, criminal attempt to commit capital murder, and aggravated assault. He was sentenced to death, thirty years, and six years respectively. His convictions and sentences were affirmed by

this court in *Wooten v. State*, 325 Ark. 510, 931 S.W.2d 408 (1996) (*Wooten I*).

In his appeal from the denial of his petition for relief under Ark. R. Crim. P. 37, Wooten asserts that the trial court erred when it did not find that trial counsel was ineffective: 1) for failure to put on mitigation evidence in the penalty phase; 2) for failure to argue that the Arkansas death-penalty scheme is unconstitutional; and 3) for failure to preserve certain issues at trial.

We hold that there is no merit to the issues raised. Wooten fails to show what evidence would have been introduced in mitigation, and therefore, he has not shown he was prejudiced by any alleged error by counsel in the admission of mitigation evidence. Wooten's assertion with respect to his claims that the death penalty sentencing scheme is unconstitutional is also without merit. This court has repeatedly considered and rejected this argument. With respect to claims by Wooten that he was prejudiced by trial counsel's failure to preserve certain alleged errors for review on direct appeal, he fails to show that but for counsel's alleged errors, the result of the trial court would have been different. The decision denying Wooten's petition is affirmed.

Wooten's convictions and sentences were affirmed in *Wooten I*. In *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999) (*Wooten II*), Wooten appealed the denial of his petition for postconviction relief under Ark. R. Crim. P. 37. We reversed and remanded the case due to a lack of written findings and for an evidentiary hearing if additional evidence was required pursuant to Rule 37.3.

Wooten is proceeding under Rule 37.2(c) because he became eligible to file a petition under Rule 37 before March 31, 1997, and therefore, he was not eligible to proceed under Ark. R. Crim. P. 37.5. The facts of this case were set out in both of *Wooten's* prior appeals and will not be repeated here.

*Standard of Review*

Where ineffective assistance of counsel is asserted, the reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *McGehee v. State*, 348 Ark. 395, 72 S.W.3d 867

(2002); *Thomas v State*, 330 Ark. 442, 954 S.W.2d 255 (1997). To rebut this presumption, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., that the decision reached would have been different absent the errors. *Id.* A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial. *Id.* In determining a claim of ineffectiveness, the totality of the evidence before the factfinder must be considered. *Chenowith v. State*, 341 Ark. 722, 19 S.W.3d 612 (2000). This court will not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Green v. State*, 343 Ark. 244, 33 S.W.3d 485 (2000).

■ To prevail on a claim of ineffective assistance of counsel, Wooten must show that counsel's representation fell below an objective standard of reasonableness and that but for counsel's errors, the result of the trial would have been different. *Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

### Mitigation Evidence

Wooten alleges that he was represented by incompetent counsel where his attorney believed that if mitigation evidence was offered, the door would be opened to allow the state to put on victim-impact evidence. Wooten, citing *Payne v. Tennessee*, 501 U.S. 808 (1991), alleges that the state had the right to put on victim-impact evidence whether the defense offered mitigation evidence or not. He further alleges that the failure to put on mitigation evidence constituted ineffective assistance of counsel and left him a virtual stranger to the jury. Wooten also alleges that this amounts to a breakdown of the adversarial process and requires reversal.

■ The guarantee of effective assistance of counsel includes the sentencing phase of a criminal trial. *Coulter v. State*, 343 Ark. 22, 31 S.W.3d 826 (2000). Counsel's primary function in the penalty phase of a capital trial is to neutralize the aggravating circumstances and to present mitigating evidence. *Sanford v. State*, 342 Ark. 22, 25 S.W.3d 414 (2000). A decision not to offer sig-

nificant mitigating evidence is a matter of trial strategy only where the decision is made after a full investigation of all the mitigating circumstances so that counsel may make an informed tactical decision. *Sanford, supra.* The failure to carry out an investigation into mitigating circumstances may constitute ineffective assistance of counsel requiring reversal. *Coulter, supra.* However, reversal is not automatic. *Coulter, supra.* The petitioner must show that but for counsel's errors, there is a reasonable probability that the sentence imposed would have been different. *Carmargo v. State,* 346 Ark. 118, 55 S.W.3d 255 (2001). *See also Williams v. Taylor,* 529 U.S. 362 (2000).

Thus, in the Rule 37 petition proceedings, Wooten had to show that but for his counsel's failure to put on additional evidence in mitigation, there is a reasonable probability that a different sentence would have been imposed. Two witnesses in mitigation were presented, a coworker who testified Wooten had several job skills and was a good worker, and a jailer who testified that Wooten had been a good prisoner.

■ ■ Wooten argues other evidence in mitigation should have been offered. However, Wooten provided nothing to the trial court in his Rule 37 petition proceedings regarding what mitigation evidence his counsel should have presented. He states in his brief that the Rule 37 court noted that "petitioner did not state what additional witnesses for Mr. Wooten would have said." Wooten fails to establish what other witnesses would have testified to, and he fails to show how their testimony could have changed the outcome of his case. When a petitioner fails to show what the omitted testimony was and how it could have changed the outcome, we will not grant postconviction relief for ineffective assistance of counsel. *Pyle v. State,* 340 Ark. 53, 8 S.W.3d 491 (2000); *Johnson v. State,* 321 Ark. 117, 900 S.W.2d 940 (1995). Wooten thus fails to show that he is entitled to relief on this point.

### Failure to Argue the Death Penalty Sentencing Scheme is Unconstitutional

■ Wooten argues his counsel was ineffective for not raising the issue of the constitutionality of the death penalty sentencing scheme. This court has "repeatedly rejected this contention."

*Williams v. State*, 346 Ark. 54, 59, 56 S.W.3d 360 (2001). Counsel cannot be found ineffective for failing to make an argument that has no merit or that has been previously rejected by this court. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000). Accordingly, Wooten has failed to demonstrate both error and prejudice on this issue.

### Failure to Preserve Issues for Direct Appeal

Wooten alleges his counsel was ineffective in failing to preserve a *Batson* issue, referring to *Batson v. Kentucky*, 476 U.S. 79 (1986). Under *Batson*, a prosecutor in a criminal case may not use his peremptory strikes to exclude jurors solely on the basis of race. *Hinkston v. State*, 340 Ark. 530, 10 S.W.3d 906 (2000).

In *Wooten I*, we held that Wooten failed to preserve the issue of whether the State failed to provide a racially neutral reason for its peremptory challenge of the only African-American juror. Wooten's counsel did not make the argument in the trial court that the State failed to give a racially neutral explanation; therefore, the argument was not preserved for appellate review. *Wooten I, supra.* He now argues his counsel was ineffective for failing to make this argument below and preserve the issue. However, Wooten's argument reaches no further than the assertion that his counsel failed to preserve the issue. In his Rule 37 Petition, Wooten stated, "Counsel's first argument on appeal was that the only African-American juror was excused from the jury panel. The Arkansas Supreme Court held that 'Because an appellant may not change his grounds for objection on appeal, this point is not preserved on appeal.'"

In his brief on appeal from denial of his Rule 37 petition, Wooten states that "[t]his court held that appellant had not preserved the point because he made an argument for the first time on appeal—that three white jurors had made a similar response to the one a black juror made, which the prosecutor cited as the reason for using a peremptory challenge to remove her." Wooten fails to provide any citation of authority or convincing argument showing he would have been entitled to Rule 37 relief had the argument that the State failed to provide a racially neutral explanation been preserved, and on that basis, his argument of

ineffective assistance of counsel on this issue fails. *Hall v. State*, 326 Ark. 318, 933 S.W.2d 363 (1996).

In *Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001), this court stated:

> We have made it exceedingly clear that we will not consider an argument, even a constitutional one, when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Dougan v. State*, 330 Ark. 827, 957 S.W.2d 182 (1997); *Williams v. State*, 325 Ark. 432, 930 S.W.2d 297 (1996); *Roberts v. State*, 324 Ark. 68, 919 S.W.2d 192 (1996); *Dixon v. State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

*Hollis*, 346 Ark. at 179.

Further, to prevail on a claim of ineffective assistance of counsel, Wooten must show that his counsel's representation not only fell below an objective standard of reasonableness, but also that but for counsel's error, the result of the trial would have been different. *Kemp, supra.* Wooten offers nothing to show this alleged error by his counsel prejudiced his case in any way, let alone that but for the failure to preserve the issue he would have prevailed on appeal.

Wooten also alleges the trial court erred in not finding counsel ineffective for failing to preserve alleged error in denial of his motion to suppress identification evidence from a line up. This issue was preserved and appealed in *Wooten I*. A ruling in the trial court was made on this issue of suppression of the line up in the trial court, and this court rejected the assertion of error on the ruling in the direct appeal. *Wooten I*, 325 Ark. at 519.

It appears that Wooten actually intended to appeal the trial court's denial of his Rule 37 petition based upon the trial counsel's alleged failure to preserve the issue of suppression of the in-court identification. However, because Wooten did not address the issue in his brief, we decline to address the issue of suppression of the in-court identification.

Affirmed.