STATE of Arkansas *v.* Roshonda SMITH

CR 06-253                                                     249 S.W.3d 119

Supreme Court of Arkansas
Opinion delivered February 1, 2007

*Mike Beebe*, Att'y Gen., by: *Brent P. Gasper*, Ass't Att'y Gen., for appellant.

*Jon Johnson* and *Harvey Harris*, for appellee.

ANNABELLE CLINTON IMBER, Justice. In this case, the State of Arkansas ("State") appeals the circuit court's order granting Appellee Roshonda Smith's ("Smith") Rule 37 petition for postconviction relief. Smith was convicted by a jury of first-degree battery and sentenced to a term of 180 months in prison and a fine of $7,500. The Arkansas Court of Appeals affirmed the conviction on direct appeal in *Smith v. State*, 90 Ark. App. 261, 205 S.W.3d 173 (2005).

Pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure, Smith filed a petition for postconviction relief in the circuit court, arguing, among other things, that she was denied effective assistance of counsel due to trial counsel's failure to call witnesses on her behalf during the sentencing phase of the trial. The circuit court held a hearing and then entered an order finding that Smith was entitled to postconviction relief. The order stated in relevant part as follows:

> While [Smith's trial counsel] may have investigated some evidence to present during the mitigation phase of the trial, the failure to present any testimony during the mitigation phase of the trial does not pass constitutional muster. The jury was not presented with evidence concerning Smith's background, education, employment record, mental and emotional stability, family relationships and the like. The jury was not presented with a fair picture of all of the factors that should go into the sentencing decision. Therefore, Ms. Smith's petition for relief pursuant to Rule 37 is granted to the extent that she is entitled to re-sentencing.

From that order, the State now appeals. We reverse and remand for the reasons stated below.

Rule 37 postconviction proceedings are civil in nature. *State v. Dillard*, 338 Ark. 571, 998 S.W.2d 750 (1999); *State v. Franklin*, 351 Ark. 131, 89 S.W.3d 865 (2002). Consequently, the State is entitled to appeal from an order granting postconviction relief. *Id.* Our jurisdiction is therefore proper pursuant to Ark. Sup. Ct. R. 1-2(a)(8) (2006).

In appeals of postconviction proceedings, we will not reverse a circuit court's decision granting or denying postconviction

relief unless it is clearly erroneous. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006); *Dansby v. State*, 350 Ark. 60, 84 S.W.3d 857 (2002). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Dansby*, 350 Ark. at 64, 84 S.W.3d at 860.

For its only point on appeal, the State argues that the circuit court erred in finding that Smith received ineffective assistance of counsel during the sentencing phase of the trial. The United States Supreme Court set forth the standard of review for ineffective-assistance-of-counsel claims in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Burton v. State*, 367 Ark. 109, 238 S.W.3d 111 (2006). A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First, the defendant must show that counsel's performance was deficient. *Id.* This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that the deficient performance prejudiced the defense. *Id.* This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.* Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Strickland v. Washington, supra; Burton v. State, supra.* Thus, a defendant must first show that counsel's performance fell below an objective standard of reasonableness and then that counsel's errors actually had an adverse effect on the defense. *Burton v. State, supra.*

The guarantee of effective assistance of counsel includes the sentencing phase of a criminal trial. *Wooten v. State*, 351 Ark. 241, 91 S.W.3d 63 (2002). When reviewing a claim of ineffectiveness based upon failing to present adequate mitigating evidence, we review the totality of the evidence — both that adduced at trial and that adduced in the postconviction proceeding. *Howard v. State, supra.*

According to the evidence introduced at trial, Smith was acting in her capacity as a child-care provider for three-and-one-half-month-old Christian Coghill ("Christian") on April 19, 2002. That day, while Christian was in the sole and exclusive care of Smith, he sustained injuries that caused bleeding in the blood vessels in his brain, resulting in a large blood clot, known as a subdural hemotoma. Christian underwent emergency surgery to

remove the blood clot and almost died during the operation. Expert medical testimony elicited at trial established that the child was the victim of "shaken baby syndrome," and that the resulting injuries might not have been so severe if Smith had taken Christian to the hospital or called an ambulance at the first sign of trouble. Instead, Smith waited over one and one-half hours before calling an ambulance. As a result of the serious injuries to Christian's brain, the right side of his body remains underdeveloped and impaired.

In determining that Smith received ineffective assistance of counsel during the sentencing phase, the circuit court found, as noted above, that "[t]he jury was not presented with evidence concerning Ms. Smith's background, education, employment record, mental and emotional stability, family relationships and the like. The jury was not presented with a fair picture of all of the factors that should go into the sentencing decision." At the hearing on the petition for postconviction relief, Smith presented her own testimony, as well as the testimony of her husband, Kevin Smith, her friends, Valerie Miller and Kimberly Hoefer, and her trial counsel, Gina Reynolds and Brandy Turner, in order to establish that trial counsel was ineffective for failing to call any mitigation witnesses during the sentencing phase. Specifically, Miller and Hoefer testified that if called during the sentencing phase, they would have testified that Smith was a good mother and child-care provider. Smith's husband testified that if called during the sentencing phase, he would have testified that his wife was a "sweet and loving person." Moreover, Smith testified that she was not aware that she could have testified during the penalty phase of the trial.

The circuit court's order granting postconviction relief cited two death cases, *Williams v. Taylor*, 529 U.S. 362 (2000), and *Pickens v. Lockhart*, 714 F.2d 1465 (8th Cir. 1983), for the proposition that the failure to present any testimony during the mitigation phase of the trial fails to pass constitutional muster. In *Williams, supra*, the United States Supreme Court held that trial counsel's failure to investigate and present substantial mitigation evidence during the sentencing phase can constitute ineffective assistance of counsel. Likewise, in *Pickens, supra*, the Eighth Circuit Court of Appeals recognized that the failure to investigate, discover, and present mitigating evidence has been deemed ineffective assistance of counsel numerous times.

We recognize that an attorney can be ineffective for failing to present mitigating evidence. *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000). However, the circuit court's order granting postconviction relief in this case reflects its reliance upon precedent that is inapposite. *Williams* and *Pickens* involved the failure of counsel to investigate and present mitigating evidence in a death case. With regard to similar claims of ineffective assistance of counsel during the sentencing phase, our court has stated that death cases are inapposite where the circumstances of the case before the court concern charges that do not subject the defendant to the possibility of the death penalty. *Franklin v. State*, 351 Ark. 131, 89 S.W.3d 865 (2002). Here, Smith was sentenced to a term of 180 months in prison and a fine of $7,500. The maximum sentence she could have received for the offense of first-degree battery was twenty (20) years and a $15,000 fine. *See* Ark. Code Ann. §§ 5-4-401, 5-4-201 (Repl. 1997). Moreover, we have held that a defendant who has received a sentence less than the maximum sentence for the offense cannot show prejudice from the sentence itself. *Franklin v. State*, *supra*; *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). Finally, it should be noted that the order entered by the circuit court in this case does not include a finding that the absence of mitigating testimony in the sentencing phase was prejudicial. Therefore, we conclude that the circuit court not only failed to make the required finding under *Strickland*'s prejudice prong, but we also conclude that prejudice was not shown as a matter of law because Smith received less than the maximum sentence for the offense charged, first-degree battery.

Reversed and remanded.