The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

David A. VIEYRA, II, Defendant–Appellant.

No. 05CA0958.

Colorado Court of Appeals, Div. III.

April 5, 2007.

Certiorari Denied Oct. 29, 2007.

John W. Suthers, Attorney General, Jonathan Patrick Fero, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Michelle L. Lazar, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROMÁN.

Defendant, David A. Vieyra, II, appeals from the trial court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

In November 1993, defendant fatally shot the victim in his home after ringing the doorbell and confronting the victim's wife with a gun. Defendant fled the scene. However, the victim's wife was a witness to the shooting and described her husband's assailant to the police.

Acting on information about the shooting, the police followed defendant's car and eventually detained him when he ran a red light. Defendant was cooperative and eventually confessed to the shooting.

A jury convicted defendant of first degree murder, first and second degree burglary, and two counts of menacing. Another division of this court affirmed the conviction. *See People v. Vieyra* (Colo.App. No.

95CA0429, Jan. 22, 1998)(not published pursuant to C.A.R. 35(f)).

Defendant filed a pro se postconviction motion on Feb. 27, 2003. On July 28, 2004, the trial court appointed counsel to represent defendant on his postconviction motion. On March 24, 2005, the trial court denied defendant's pro se motion without a hearing.

Upon receiving a copy of the trial court's order, defendant's appointed postconviction counsel filed a motion to reconsider and requested an evidentiary hearing. The motion alleged that postconviction counsel had requested and obtained the assistance of an Alternative Defense Counsel paralegal to organize the voluminous record, and that due to the complexity of the case, the process took several months. The motion also explained that postconviction counsel did not receive the case files from the paralegal until two days after learning defendant's pro se motion had been denied.

The trial court denied the request for a hearing, but gave postconviction counsel thirty days to supplement defendant's pro se motion with any new information found in the case file. Without doing so, defendant filed a notice of appeal with this court.

## I.

Defendant contends that because of errors by the trial court and his trial and appellate counsel with respect to an unexercised peremptory challenge, he was unconstitutionally denied his statutory tribunal. We disagree.

### A.

■ First, defendant contends the trial court erred by failing to sua sponte notify his trial counsel that he had one remaining peremptory challenge. We perceive no error.

The parties concede, and we agree, that defendant was entitled to twelve peremptory challenges. See § 16–10–104(1), C.R.S.2006; Crim. P. 24(d)-(e). Following defendant's eleventh peremptory challenge, and after the People indicated that they would accept the jury as constituted, the trial court asked whether there was "anything further." Defense counsel responded, "Judge, we would request an additional peremptory challenge based on the fact that we had to use [one] on [juror C] when we had asked her to be excused during our challenge for cause." The trial court denied the request. No further challenges were made by either side.

■ Initially, we reject the People's argument that a defendant is not entitled to postconviction relief based on denial of a peremptory challenge because the right to peremptory challenges is not constitutional. Though the right to peremptory challenges is statutory, "a defendant's due process rights are violated if he or she does not receive that which state law provides." *People v. Reynolds*, 159 P.3d 684, 688 (Colo.App. 2005); *see People v. Lefebre*, 5 P.3d 295, 306 (Colo.2000).

However, we find no authority for the proposition that a trial court must remind a defendant of his or her remaining peremptory challenges.

■ Defendant argues that the record suggests defense counsel mistakenly believed he had used all twelve challenges and that the trial court had a responsibility to "monitor the proceedings and allow all challenges entitled to each party." While we agree that the trial court is "ultimately responsible for providing an impartial panel of jurors," *Lefebre, supra*, 5 P.3d at 299, it is counsel's duty, and not a responsibility of the trial court, to track peremptory challenges. *See United States v. Taylor*, 832 F.2d 1187, 1195 (10th Cir.1987) (use of peremptory challenges normally falls within the realm of a tactical trial decision).

Here, nothing in the record indicates that the trial court interfered with defendant's allotted challenges. In fact, before either side exercised peremptory challenges, the trial court reminded the parties that each side was entitled to twelve challenges. Therefore, we perceive no error in the trial court's actions.

### B.

Defendant contends the trial court erred in declining to grant a hearing on his claim of ineffective assistance of trial counsel. We disagree.

■ Although an evidentiary hearing may be ordered under some circumstances to consider a claim of ineffective assistance of counsel, not every person filing a Crim. P. 35(c) motion based on such a claim is entitled to a hearing. *People v. Thomas,* 867 P.2d 880, 886 n. 13 (Colo.1994); *People v. Zuniga,* 80 P.3d 965, 973 (Colo.App.2003).

■ A trial court may deny a Crim. P. 35 motion for postconviction relief without conducting a hearing if the motion, the files, and the record clearly establish that the defendant is not entitled to relief. A trial court may also deny a postconviction motion without a hearing if the claims are bare and conclusory and lack supporting factual allegations. *People v. Venzor,* 121 P.3d 260, 262 (Colo.App.2005).

To establish ineffective assistance of counsel, a defendant must demonstrate not only that counsel's performance was deficient, but also that the deficient performance prejudiced the defense. To show such prejudice, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ardolino v. People,* 69 P.3d 73, 76 (Colo.2003).

■ If the defendant fails to make an affirmative demonstration of prejudice, the court may resolve the ineffective assistance claim on that basis alone, without considering whether counsel's performance was deficient. *People v. Naranjo,* 840 P.2d 319, 324 (Colo. 1992); *People v. Rivas,* 77 P.3d 882, 893 (Colo.App.2003).

■ We agree that automatic reversal is required when a trial court's erroneous ruling denies a defendant use of all his or her statutorily granted peremptory challenges. *See Lefebre, supra,* 5 P.3d at 305 (prejudice is presumed "if the trial court improperly impairs or increases a party's capacity to use peremptory challenges to shape the ultimate composition of the jury"); · *People v. Cohn,* 160 P.3d 336, —— (Colo.App. 2007) (inherently prejudicial to exclude pro se defendant during proceedings involving peremptory challenges).

■ However, Colorado appellate opinions have not addressed whether prejudice is presumed when counsel fails to exercise all peremptory challenges on a defendant's behalf. We conclude prejudice is not presumed from such failure.

■ "[A] counsel's failure to exercise peremptory challenges does not give rise to a claim of ineffective assistance of counsel absent a showing that the defendant was prejudiced by his [or her] counsel's failure to exercise the challenges." *Taylor, supra,* 832 F.2d at 1195; *see Davis v. Woodford,* 384 F.3d 628, 643 (9th Cir.2004) (in case where peremptory challenges not exhausted, "[e]stablishing *Strickland* prejudice in the context of juror selection requires a showing that, as a result of trial counsel's failure to exercise peremptory challenges, the jury panel contained at least one juror who was biased"); *Baze v. Parker,* 371 F.3d 310, 322 (6th Cir. 2004)(the defendant failed to show prejudice on ineffective assistance claim where counsel neglected to include all peremptory strikes on a list submitted to the trial court and court ultimately used lottery system for final challenge); *Mattheson v. King,* 751 F.2d 1432, 1438–39 (5th Cir.1985) (counsel not ineffective for failing to exercise any peremptory challenges where defendant failed to show prejudice); *Crisp v. Duckworth,* 743 F.2d 580, 587 (7th Cir.1984)(same); *Dansby v. State,* 350 Ark. 60, 66, 84 S.W.3d 857, 861 (2002)(same); *Johnson v. State,* 903 So.2d 888, 896 (Fla.2005) (assuming, without deciding, that counsel was deficient in exercising peremptory challenges, the defendant's claim of ineffective assistance of counsel for failure to exhaust peremptory challenges fails because prejudice not established); *Commonwealth v. Young,* 212 S.W.3d 117, 121 (Ky. 2006)("per se reversal rule for improper allocation of peremptory challenges that may apply on direct appeal cannot be mechanically applied to collateral attacks on the judgment of conviction"; therefore, a defendant must establish prejudice on ineffective assistance of counsel claim); *Le v. State,* 913 So.2d 913, 954 (Miss.2005)(defendant failed to establish prejudice from his counsel's failure to use twelfth peremptory challenge); *State*

v. Erickson, 227 Wis.2d 758, 771, 596 N.W.2d 749, 757 (1999)(similar). We agree with these cases and hold that a separate showing of prejudice is required to satisfy the *Strickland* test.

We recognize that "[i]n certain Sixth Amendment contexts, prejudice is presumed," particularly in circumstances where prejudice is "so likely that case-by-case inquiry into prejudice is not worth the cost." *Strickland, supra,* 466 U.S. at 692, 104 S.Ct. at 2067. For example, if counsel is either "totally absent, or prevented from assisting the accused during a critical stage of the proceeding," no additional showing of prejudice is required. *United States v. Cronic,* 466 U.S. 648, 659 n. 25, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984). Likewise, when counsel is working under an actual conflict of interest, prejudice may be presumed. *See Cuyler v. Sullivan,* 446 U.S. 335, 345–50, 100 S.Ct. 1708, 1716–19, 64 L.Ed.2d 333 (1980).

In most other circumstances, however, ineffective assistance claims require that a defendant demonstrate that his or her counsel's deficiency resulted in an adverse effect on the defense. This is because "[t]he government is not responsible for, and hence not able to prevent, attorney errors that will result in reversal of a conviction or sentence." *Strickland, supra,* 466 U.S. at 693, 104 S.Ct. at 2067. Thus, we conclude that counsel's failure to exercise a peremptory challenge is so not extraordinary that it relieves defendant of the obligation to satisfy the *Strickland* prejudice prong.

Here, defendant has merely asserted that he was prejudiced. He has failed to establish which juror he would have struck with the remaining challenge or to establish facts that suggest bias by any of the jurors that convicted him.

Because defendant did not assert facts sufficient to demonstrate prejudice from counsel's failure to exercise the final peremptory challenge, he was not entitled to a hearing on this claim. *See People v. Naranjo, supra; People v. Venzor, supra.*

## C.

We likewise conclude that defendant suffered no prejudice from his appellate counsel's failure to raise the issue on direct appeal. As discussed above, the trial court was not responsible for notifying defendant of his remaining peremptory challenge. Thus, a direct appeal on that issue would have been futile. *See Strickland v. Washington, supra* (to establish prejudice, a defendant must show a reasonable probability that, absent the errors, the result of the proceeding would have been different); *Ardolino v. People, supra.* Therefore, we reject defendant's claim of ineffective assistance of counsel on his direct appeal.

## II.

Defendant contends the trial court misapplied the legal standard announced in *Batson v. Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986), when it upheld the prosecutor's peremptory challenge to a black prospective juror. We disagree.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the use of racial discrimination in the exercise of peremptory challenges. *Miller–El v. Dretke,* 545 U.S. 231, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005); *Batson v. Kentucky, supra; Valdez v. People,* 966 P.2d 587, 589 (Colo.1998).

A three-step process is used for evaluating *Batson* claims of racial discrimination. In the first step, the party objecting to the exercise of the challenge must make a prima facie showing that the other party excluded a potential juror because of race. If the objecting party establishes a prima facie case, the burden shifts to the proponent of the strike to come forward in the second step with a race-neutral explanation for the challenge. If a race-neutral reason is articulated, the trial court, in the third and final step, must determine whether the opponent of the strike has nonetheless proved purposeful racial discrimination. *Valdez, supra,* 966 P.2d at 589–90. In this third step, the opponent must have the opportunity to rebut the proponent's race-neutral explanation by showing, for example, that it is a pretext.

The court must then determine, on the basis of all the evidence before it, whether it can find by a preponderance of the evidence that one or more potential jurors were excluded because of race. *Valdez, supra,* 966 P.2d at 590.

Although we review de novo a trial court's ruling on steps one and two of the analysis, we defer to the trial court's ultimate resolution of a *Batson* objection in step three, reversing only for clear error. *Valdez v. People, supra.*

Initially, we note that defendant's contention concerning the trial court's failure to make specific findings of prima facie discrimination under step one is moot because the prosecutor offered a race-neutral explanation and the trial court ruled on the ultimate question of intentional discrimination. *See Valdez, supra,* 966 P.2d at 592 ("once the proponent of the challenged peremptory strike offers a race-neutral explanation for the peremptory challenge (i.e., the second step of *Batson* ) and the trial court has ruled on the ultimate question of intentional discrimination (i.e., the third step of *Batson),* the preliminary issue of whether the defendant has made a prima facie showing becomes moot"); *Donelson v. Fritz,* 70 P.3d 539, 542 (Colo.App.2002).

With respect to the second step in the *Batson* analysis, the prosecutor offered two race-neutral explanations for the challenge: (1) in the written questionnaire, the juror stated that he had heard information about the case on the news that he would not be able to set aside; and (2) the juror stated that he would require proof more than beyond a reasonable doubt because this was a first degree murder case. We conclude that the reasons articulated by the prosecutor were facially race neutral and sufficient to meet the low standard of step two. *See Valdez, supra,* 966 P.2d at 590 (prosecutor need only supply a facially race-neutral reason for the challenge); *People v. Hinojos–Mendoza,* 140 P.3d 30, 42 (Colo.App.2005) (*cert. granted* Aug. 14, 2006, 2006 WL 2338141) (burden of proof is critical to a fair trial, and misunderstanding or misapplication of the correct standard provides race-neutral explanation for juror challenge).

Defense counsel had an opportunity to respond to the prosecutor's explanations before the trial court ruled on step three. He stated that the prospective juror was nodding in agreement when the correct burden of proof was explained to the jury pool and that the prospective juror's responses during voir dire sufficiently clarified any confusion generated by the questionnaire.

Nevertheless, the trial court ruled:

> [The prospective juror] will be released. He said that he probably could set aside what he heard or read on T.V. I don't know if that's a significant issue or not. A number of people said they could or probably could. He did make comments regarding the issue of standard of proof beyond a reasonable doubt that were [unequivocal]. And that where he did state he wouldn't disregard the law, that he would basically apply his own standard and I believe that would be a non-racial grounds to excuse a peremptory challenge to [the prospective juror].

We perceive no clear error in this ruling. Nor were the trial court's findings inadequate, as suggested by defendant. As appropriate under the third step of the *Batson* analysis, the trial court allowed defendant to respond to the prosecutor's stated reasons for the challenge, and then determined the merits of the challenge based on the evidence before it. *See Valdez, supra,* 966 P.2d at 590.

Because the record contains evidentiary support for the trial court's determination that defendant did not prove purposeful discrimination by the prosecution, we conclude the trial court did not err. *See People v. Chou,* 981 P.2d 668, 672 (Colo.App.1999).

### III.

Defendant next contends that he was denied his right to counsel when the trial court ruled on his pro se postconviction motion before his court-appointed counsel finished investigating the case. We disagree.

A defendant has a "limited statutory right to counsel" in postconviction motions. *People v. Starkweather,* 159 P.3d 665, —— (Colo.App. 2006)(quoting *People v. Duran,* 757 P.2d 1096, 1097 (Colo.App.1988)).

Here, defendant was appointed counsel to assist with his postconviction motion. Though defendant's postconviction counsel did not supplement his pro se motion or otherwise brief the trial court prior to its order denying postconviction relief, the trial court granted counsel leave to "supplement the postconviction relief [motion] with any new information found in the documents[.]"

That defendant's counsel chose to file a notice of appeal with this court rather than file a supplemental motion or brief with the trial court does not indicate that defendant was denied his right to counsel. Rather, counsel's inaction demonstrates that she did not take advantage of an opportunity to correct any earlier error. *See People v. Lopez,* 129 P.3d 1061, 1065 (Colo.App.2005)(when a defendant chooses not to assert a right or withdraws an argument from consideration by the trial court, he or she has waived the right to claim error on appeal).

Further, to the extent defendant argues that his postconviction counsel was ineffective, we note that the argument was not made in the trial court and, therefore, is not preserved for our review. *See People v. Hickey,* 914 P.2d 377, 378 (Colo.App.1995)(allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review).

The order is affirmed.

TAUBMAN and WEBB, JJ., concur.