20CA0839 Peo v Vieyra 11-10-2021 COLORADO COURT OF APPEALS Court of Appeals No. 20CA0839 Arapahoe County District Court No. 93CR1937 Honorable Eric B. White, Judge The People of the State of Colorado, Plaintiff-Appellee, v. David A. Vieyra, II, Defendant-Appellant. ORDER AFFIRMED Division VI Opinion by JUDGE WELLING Fox and Johnson, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced November 10, 2021 Philip J. Weiser, Attorney General, John T. Lee, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee David A. Vieyra, II, Pro Se 
1 ¶ 1 Defendant, David A. Vieyra, II, appeals the district court’s order declining to take action on an “Affidavit of Truth” that he filed in this criminal case. We affirm the district court’s order. I. Background ¶ 2 In 1994, a jury found Vieyra guilty of first degree murder, first degree burglary, two counts of menacing, and carrying a concealed weapon, after he fatally shot the victim in the victim’s home. He was sentenced to life in prison without the possibility of parole for the murder count and consecutive prison terms totaling thirty-nine years for the other counts. On direct appeal, a division of this court affirmed the judgment of conviction and sentences. See People v. Vieyra, (Colo. App. No. 95CA0429, Jan. 22, 1998) (not published pursuant to C.A.R. 35(f)). The supreme court denied certiorari, and this court issued its mandate in November 1998. ¶ 3 In 1999, Vieyra filed a habeas corpus petition in federal district court. In 2002, a federal magistrate judge reviewed Vieyra’s habeas petition and recommended that the petition be denied and that the case be dismissed with prejudice. The federal district court accepted the magistrate’s recommendation. 
2 ¶ 4 In 2003, Vieyra filed a pro se Crim. P. 35(c) motion (first motion), alleging new constitutional claims that he had not alleged in his direct appeal or in his federal habeas petition. After counsel was appointed and afforded an opportunity to supplement the motion, the postconviction court issued a written order summarily denying Vieyra’s first motion in its entirety. The order denying the first motion was affirmed by a division of this court. See People v. Vieyra, 169 P.3d 205 (Colo. App. 2007). ¶ 5 In 2009, Vieyra filed a second pro se Crim. P. 35(c) motion (second motion). The court summarily denied Vieyra’s second motion without a hearing after finding that it was successive and that the claims alleged therein failed on the merits. A division of this court again affirmed. See People v. Vieyra, (Colo. App. No. 10CA1325, Aug. 11, 2011) (not published pursuant to C.A.R. 35(f)). ¶ 6 On March 9, 2020, Vieyra filed an “Affidavit of Truth” in which he asserted, among other things, that he had filed a contract with the Colorado Secretary of State in 2016 making him a “foreign sovereign,” which, in his view, meant he enjoyed “immunities” provided by the Federal Sovereign Immunities Act. He concluded that no court in the United States had jurisdiction over him as a 
3 “foreign sovereign” and this case against him “must be dismissed.” He also contended that Arapahoe County owed him “two million dollars per day for unlawful confinement.” ¶ 7 The district court reviewed Vieyra’s Affidavit of Truth, noted that it was taking no action, and entered the following order: THE COURT, having reviewed the Defendant’s Affidavit of Truth, and having reviewed the Court’s own file, hereby observes that the within action is criminal in nature wherein the Defendant was convicted by jury. His “Affidavit” fails to cite any valid authority upon which the Court may or must act and has no legal force or effect upon this Court. Therefore, any ostensible request for relief contained in the “Affidavit” is DENIED as devoid of any legal merit whatsoever. ¶ 8 Vieyra appeals the district court’s order denying any relief in connection with his Affidavit of Truth. II. Analysis ¶ 9 The averments and contentions Vieyra sets forth in his Affidavit of Truth are consistent with those asserted by adherents to the “sovereign citizen” movement. See People v. Lavadie, 2021 CO 42, ¶ 7 n.1 (“The ‘sovereign citizen’ movement is an ideology that ‘rejects the legitimacy of United States jurisdiction over its adherents.’” (quoting United States v. Pryor, 842 F.3d 441, 445 n.2 
4 (6th Cir. 2016))); see also People v. Anderson, 2020 COA 56, ¶ 17 n.4 (“Those who affiliate with ‘Sovereign Citizenship’ believe in a particular interpretation of the common law and believe they are not subject to governmental statutes, proceedings, or jurisdictions. They believe the individual, a ‘flesh and blood’ man (denoted in lowercase letters) is separate from a legally fictitious commercial entity imposed upon them by issuance of a birth certificate and other official documents (as governmental documents usually denote names in all capital letters).”). ¶ 10 As noted above, the district court declined to take any action on Vieyra’s Affidavit of Truth. The best way to understand what Vieyra is asking for in this appeal is to simply look at what he says in his opening brief. See Barnett v. Elite Props. of Am., Inc., 252 P.3d 14, 19 (Colo. App. 2010) (An appellant “must inform the court both as to the specific errors asserted and the grounds, supporting facts, and authorities to support their contentions.” (citing Westrac, Inc. v. Walker Field, 812 P.2d 714, 718 (Colo. App. 1991))). In his opening brief to this court, Vieyra’s argument, in its entirety, reads as follows: 
5 I believe that because the Legal Fiction, David A Vieyra, II., is the entity that made a plea to the charges, and the Legal Fiction was tried by a jury, I, David A Vieyra, should be allowed to file an AFFIDAVIT and have it recorded onto the Public Record. I, David A Vieyra, am a flesh and blood human man born of God and act under the SUPREME JURISDICTION of God. Under International Maritime Law, I am allowed to file an AFFIDAVIT into the municipal corporation, ARAPAHOE COUNTY DISTRICT COURT. This JUDGE must acknowledge the custom of International Maritime Law, the Law Merchant or what is now called Uniform Commercial Code ex officio (by virtue of the authority implied by office). (Emphasis added.) ¶ 11 He then closes his brief with the following conclusion: I pray that this HONORABLE JUDGE will require the ARAPAHOE COUNTY JUDGE to allow me to file AFFIDAVITS and have them recorded by the COUNTY RECORDER onto the PUBLIC RECORD. I pray that this HONORABLE JUDGE will require the ARAPAHOE COUNTY JUDGE to answer my AFFIDAVIT OF TRUTH point-by-point as the FEDERAL LAW dictates. ¶ 12 Based on the contents of his opening brief, it appears that Vieyra is advancing two arguments on appeal: (1) he should be allowed to file the Affidavit of Truth and “have it recorded onto the 
6 [p]ublic [r]ecord”; and (2) this court should require the district court to “answer” the Affidavit of Truth “point-by-point.” We aren’t persuaded that he is entitled to any relief. ¶ 13 To the extent that he is seeking to be permitted to file the Affidavit of Truth (and have it be part of the “public record”), such a request is moot. This is because the record reflects that the affidavit was accepted for filing by the district court and is part of the court record. There is no further relief for this court to provide in this regard. ¶ 14 To the extent that Vieyra is requesting that we order the district court (or anyone else) to respond to the contents of his Affidavit of Truth, we decline to do so. There is simply no legitimate basis for requiring the district court to respond to Vieyra’s Affidavit of Truth, and Vieyra cites none. Indeed, the district court acted properly by summarily denying the relief Vieyra requested in his Affidavit of Truth. See, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (“Regardless of an individual’s claimed status of descent, be it as a ‘sovereign citizen,’ a ‘secured-party creditor,’ or a ‘flesh-and-blood human being,’ that person is not beyond the 
7 jurisdiction of the courts. These theories should be rejected summarily, however they are presented.”). ¶ 15 To the extent that Vieyra’s Affidavit of Truth can be construed as a Crim. P. 35(c) postconviction motion, it is properly summarily denied as successive. See Crim. P. 35(c)(3)(VII); People v. Taylor, 2018 COA 175, ¶ 17. And finally, to the extent that Vieyra raised any additional claims below, we deem them abandoned for failure to raise them in his briefing to this court. See People v. Delgado, 2019 COA 55, ¶ 9 n.3 (“We deem abandoned, and won’t address, the seven claims that defendant raised in his Rule 35(c) motion but didn’t discuss on appeal.”); People v. Ortega, 266 P.3d 424, 428 (Colo. App. 2011) (“We also deem abandoned any additional contentions which [the defendant] raised in his postconviction motion and which have not been pursued on appeal.”). III. Conclusion ¶ 16 For the reasons set forth above, the district court’s order is affirmed. JUDGE FOX and JUDGE JOHNSON concur.