Cite as 2026 Ark. App. 67

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-25-157

| | |
|---|---|
| WILLIAM HOOVER | Opinion Delivered February 4, 2026 |
| APPELLANT | |
| | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| V. | [NO. 23CR-22-133] |
| | |
| STATE OF ARKANSAS | HONORABLE TROY B. BRASWELL, |
| APPELLEE | JR., JUDGE |
| | |
| | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

William Hoover filed this pro se appeal challenging his conviction by a Faulkner County jury of possession of methamphetamine and his sentence of sixty months in the Arkansas Division of Correction. Hoover presents five points on appeal for this court's consideration: the circuit court erred (1) in denying his suppression motion; (2) in not appointing him a different public defender; (3) in denying his motion for a mistrial; (4) in allowing an amendment to his charges two days prior to trial; and (5) in not dismissing his case for lack of speedy trial. We find no error and affirm.

### I. *Relevant Facts*

On February 4, 2022, Arkansas State Police Trooper Corey Earls initiated a traffic stop of Hoover after observing that the vehicle he was operating displayed fictitious license plates. During the stop, Trooper Earls discovered that Hoover's driver's license had been

suspended for nearly twenty years and that the vehicle was not insured or registered. Because Hoover was unable to lawfully operate the vehicle, Trooper Earls decided to have it towed. Anticipating that an inventory search would be required before towing, Hoover was briefly detained. Trooper Earls offered to retrieve Hoover's cell phone so Hoover could arrange for someone to pick him up. Hoover declined, stating he did not want Trooper Earls inside the vehicle because he did not know what was inside it. During the inventory search, Trooper Earls opened the driver's door and observed, in plain view on the passenger-side floorboard, a clear plastic bag containing a white substance he suspected was methamphetamine. Subsequent testing confirmed the substance was methamphetamine weighing approximately thirty-four grams. Trooper Earls then placed Hoover under arrest.

On February 11, 2022, the State filed its original felony information charging Hoover with possession of at least two but less than ten grams of methamphetamine. At a hearing on May 16, the State moved for a continuance because the Arkansas State Crime Laboratory had not yet completed its analysis of the suspected methamphetamine. On August 8, the State filed an amended information maintaining the same possession charge. Following the filing of the amended information, Hoover—then represented by counsel—agreed to multiple continuances, with time tolled.

A pretrial hearing was held on April 15, 2024. At that time, Hoover was represented by public defender Brittani Burnette. Burnette informed the court that she and Hoover had reached an impasse regarding her representation and that Hoover wished to proceed pro se. Hoover asserted that Burnette had failed to do what he requested and asked that a different

public defender be appointed. The circuit court informed Hoover that it would not appoint substitute counsel. Hoover then stated that he would represent himself. After providing Hoover with a waiver-of-counsel form and conducting a colloquy, the court found that Hoover knowingly and intelligently waived his right to counsel.

On May 10, 2024, Hoover filed a motion to suppress physical evidence and statements. A hearing was held on Hoover's motion on October 31. Representing himself, Hoover argued that he did not understand why the State had been permitted to amend the felony information. The State explained that the original information alleged an incorrect quantity of methamphetamine. The State further stated that, although the first amended information continued to allege possession of at least two but less than ten grams, it intended to proceed on an allegation that Hoover possessed at least ten but less than two hundred grams of methamphetamine. Hoover indicated he understood the explanation and did not object to or move to quash the amended information.

On November 4, 2024, the State filed a second amended information charging Hoover with possession of at least ten but less than two hundred grams of methamphetamine. Hoover again did not object or move to quash the amended information. At the outset of the jury trial on December 4, Hoover again expressed confusion regarding the amended information. The circuit court reiterated the explanation previously provided. Hoover acknowledged his understanding and did not move to dismiss or otherwise challenge the amended information.

The State began its case-in-chief with testimony from Trooper Earls, who established the facts leading up to Hoover's arrest as set forth above. The State next called Sammy Williams, deputy director of the Arkansas State Crime Laboratory. Williams testified he had served as deputy director for approximately one year and had spent the preceding eighteen years working as a forensic chemist. The State moved to qualify Williams as an expert in forensic chemistry and narcotics analysis, which the circuit court granted.

Williams testified he received evidence from Trooper Earls in 2022 in connection with this case. He identified the evidence as State's exhibit 3 and testified that his analysis determined the substance contained methamphetamine and dimethyl sulfone. Williams further explained the procedures used to receive, document, and test the evidence. The State moved to admit State's exhibit 3 into evidence, and the circuit court granted the motion without objection. The State rested at the conclusion of Williams's testimony. Hoover did not move for a directed verdict and did not call any witnesses in his defense.

During the sentencing phase of the trial, Hoover called his son-in-law, Joshua Nichols, to testify on his behalf. Nichols had not been previously disclosed as a witness. Nichols testified he believes Hoover is a good grandfather and that he had never seen Hoover using drugs. After the jury retired to deliberate on sentencing, the circuit court announced that one of the jurors had informed the bailiff that she previously knew Nichols. The juror stated it had been a long time since she last saw him and felt she could proceed without issue. Hoover moved for a mistrial, which the court denied. The circuit court explained that

Hoover had been asked at the beginning of trial to disclose his witnesses and had stated that he had none.

This appeal followed.

II. *Motion to Suppress*

When reviewing a circuit court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to the inferences drawn by the circuit court. *Cagle v. State*, 2019 Ark. App. 69, 571 S.W.3d 47. A finding is clearly erroneous when, even if there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* We defer to the circuit court's superior position in determining the credibility of the witnesses and resolving any conflicts in the testimony. *Id.*

All warrantless searches are unreasonable unless shown to be within one of the exceptions to the rule that a search must rest on a valid warrant. *Fricks v. State*, 2016 Ark. App. 415, 501 S.W.3d 853. An inventory search is recognized as an exception. *Id.* Pursuant to this exception, police officers may conduct a warrantless inventory search of a vehicle that is being impounded in order to protect an owner's property while it is in the custody of the police; to ensure against claims of lost, stolen, or vandalized property; and to guard the police from danger. *Id.* An inventory search, however, may not be used as a guise for general rummaging to discover incriminating evidence. *Id.* The police may impound a vehicle and

5

inventory its contents only if the actions are taken in good faith and in accordance with standard police procedures and policies. *Id.*

Hoover argues the inventory search was improper because an inventory search must be conducted pursuant to a preexisting policy within the department, which Earls did.

Regarding Earls's decision to conduct an inventory search, he clearly testified that the search began after he discovered Hoover was driving on a suspended license, and the vehicle would have to be towed because Hoover could not legally drive it, which is pursuant to department policy. Accordingly, we find no merit in Hoover's argument that it was improper for Earls to conduct an inventory search. As Earls began the inventory search, he saw the methamphetamine in plain sight and placed Hoover under arrest. Hoover's argument to the contrary is a misapplication of the record before us. We affirm.

III. *Remaining Points on Appeal*

Hoover's remaining points on appeal are either conclusory or not preserved for this court's review; therefore, they will be addressed together under this section.

Hoover next argues the circuit court erred in denying him the opportunity to obtain new counsel a second time by having the court appoint a third public defender. However, Hoover cites no legal authority and provides no convincing argument in making his assertion. We do not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority. *Armstrong v. State*, 366 Ark. 105, 109, 233 S.W.3d 627, 631 (2006).

Next, Hoover argues the circuit court abused its discretion in denying his request for a mistrial. Hoover's argument is conclusory, and he does not cite any authority to support his argument or otherwise develop the issue of why the circuit court's reasoning for denying his request for mistrial was an abuse of discretion. This court does not research or develop arguments for appellants. *Chandler v. State*, 2025 Ark. App. 566, ___ S.W.3d ___. Additionally, it is not apparent without further research whether Hoover's argument is well taken. *See Wooten v. State*, 351 Ark. 241, 248, 91 S.W.3d 63, 67 (2002). Therefore, we will not reach the merits of this argument.

Next, Hoover argues the circuit court erred in allowing the State to amend the felony information two days before the jury trial. Again, Hoover's argument on this point is conclusory, not convincing, and lacks any citation to legal authority. Therefore, as mentioned above, this court will not address it. *See Wooten*, 351 Ark. at 248, 91 S.W.3d at 67.

Finally, Hoover argues the court erred in not dismissing his case for lack of speedy trial. Hoover never presented a speedy-trial argument to the circuit court. This court will not address arguments made for the first time on appeal; a party is bound by the scope and nature of the arguments made at trial. *Lewis v. State*, 2017 Ark. App. 442, 528 S.W.3d 312.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*William Hoover*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Sr. Ass't Att'y Gen., for appellee.

7